## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM HENRY FOSTER, III,

    Plaintiff,

    v.

GEORGE NYE, *et al.*,

    Defendants.

No. 4:22-CV-00199

(Chief Judge Brann)

## MEMORANDUM OPINION

### OCTOBER 20, 2022

Plaintiff William Henry Foster, III, is currently incarcerated at the United States Penitentiary ADMAX in Florence, Colorado.  Foster filed the instant *pro se* Section 1983[1] action claiming constitutional violations that allegedly occurred during his imprisonment at Columbia County Prison.  Presently pending is Defendants' motion for partial dismissal under Federal Rule of Civil Procedure 12(b)(6).  The Court will grant in part and deny in part Defendants' motion.

## I.    BACKGROUND

Foster alleges that from June 2021 to mid-September 2021, three prison officials at Columbia County Prison violated his constitutional and federal rights.[2]

---

[1]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]    *See generally* Doc. 1; *see also id.* at 4 ¶ 9.

Foster avers that he practices the religion of Ásatrú (or "Odinism").[3]  He alleges
that he requested a time and place within the prison to perform religious
ceremonies and rituals, as well as "religious tools and implements" such as mead, a
hammer, runes, and various books.[4]  He met with the warden, defendant George
Nye, who told him that defendants Deputy Warden David Stetzer and Security
Lieutenant Bradley Hipps were going to create an outdoor worship area and work
on ensuring that the area was safe and secure for use.[5]

Several weeks later, Foster inquired as to the status of the worship area, and
Nye responded that Stetzer and Hipps were "working on it" and that he should
follow up with them.[6]  Foster alleges that, when he followed up as instructed, he
was informed that Stetzer had denied his request.[7]  Foster claims that, around the
same time, other religious practitioners—including Christian and Islamic
inmates—had been permitted to use a prison classroom for their religious classes
and services.[8]  Foster asserts that he inquired into the use of this classroom for his
Ásatrú services but that Defendants denied his request.

The same day that he learned that his requests for a religious meeting space
had been denied, Foster avers that he called a friend using the prison telephone

---

[3]   Doc. 1 at 4 ¶ 10.
[4]   *Id.*
[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   *Id.*

system (which automatically records inmate calls) and informed her that he was going to file a federal lawsuit against the prison regarding the perceived religious discrimination.[9]  Foster alleges that he was then "immediately" removed from the prison and transferred to Clinton County Correctional Facility in a "deliberate act of retaliation."[10]  He additionally claims that his transfer was made on the same day that he was scheduled to receive approximately $99 worth of commissary items, and that prison officials intentionally timed his transfer so that he would not receive the items or a refund.[11]  He further alleges that, following his transfer, his criminal attorney was informed that he had been transferred because he was "riling up the inmate population."[12]

From these events Foster appears to assert the following claims: (1) violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA),[13] (2) violation of the Religious Freedom Restoration Act of 1993 (RFRA),[14] (3) retaliation under the First Amendment, (4) violation of the First Amendment's free-exercise clause, (5) an equal protection claim pursuant to the Fourteenth Amendment, (6) a due process claim under the Fourteenth Amendment, (7) civil conspiracy under 42 U.S.C. § 1985(3), and (8) a claim under 42 U.S.C. § 1988 for

---

[9]   Doc. 1 at 5 ¶ 10.
[10]   *Id.*
[11]   *Id.*
[12]   *Id.*
[13]   42 U.S.C. § 2000cc *et seq.*
[14]   42 U.S.C. § 2000bb *et seq.*

attorney's fees.[15]  Foster seeks compensatory damages, punitive damages, and various forms of injunctive relief.[16]

Defendants move for partial dismissal of Foster's complaint for failure to state a claim upon which relief may be granted.[17]  Defendants' Rule 12(b)(6) motion is fully briefed and ripe for disposition.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[18]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[19]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[20]

---

[15]  *See* Doc. 1 at 1.  It is possible that Foster's complaint could be construed as asserting a claim under the Pennsylvania Constitution, *see id.*, but Foster has clarified that he is not raising a state constitutional claim.  *See* Doc. 23 at 1.

[16]  Doc. 1 at 5-6.

[17]  Doc. 18.

[18]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[19]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[20]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[21]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[22]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[23]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[24]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]

Because Foster proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[26]  This is particularly true when the *pro se* litigant, like Foster, is incarcerated.[27]

## III.   DISCUSSION

Defendants assert that many of Foster's claims fail to state a claim for relief. Foster concedes that most of Defendants' arguments are correct.  In his brief in

---

[21]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[22]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[23]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[24]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[25]   *Iqbal*, 556 U.S. at 681.

[26]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[27]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

opposition to the motion to dismiss, Foster agrees that his RFRA, Section 1985 civil conspiracy, Fourteenth Amendment due process, and injunctive relief claims should be dismissed.[28]  Foster challenges only two of Defendants' arguments: that attorney's fees cannot be awarded pursuant to Section 1988 and that his complaint insufficiently pleads conduct that could implicate punitive damages.[29]  The Court will address these disputes in turn.

### A.    Attorney's Fees

Defendants argue that any claim under Section 1988 must be dismissed because (a) there is no independent cause of action under this statute, and (b) Foster, as a *pro se* litigant, is not entitled to attorney's fees under Section 1988. Foster responds that he is not making an independent claim under Section 1988 but maintains that—if he prevails on his civil rights claims—he is entitled to attorney's fees under Section 1988 and RLUIPA.

Foster's argument that he can recover attorney's fees as a *pro se* civil rights litigant is foreclosed by well-settled circuit precedent.  Forty years ago, in *Pitts v.*

---

[28]  *See* Doc. 23 at 1-2.  Foster's concession on the injunctive relief claims is somewhat equivocal, stating that his requests for such relief "should be dismissed *only if* the fact alone" that he is no longer imprisoned at Columbia County Prison obviates his claims for injunctive relief.  *Id.* at 2.  Foster's claims for various injunctive relief related to Columbia County Prison are indeed moot.  *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.").  Foster has not provided any allegation or assertion that he may return to Columbia County Prison. Moreover, such claims are generally not subject to the "capable of repetition yet evading review" exception to the mootness doctrine.  *See, e.g.*, *Griffin v. Beard*, 401 F. App'x 715, 716 (3d Cir. 2010) (nonprecedential).

[29]  *See id.* at 2.

*Vaughn*,[30] the United States Court of Appeals for the Third Circuit explicitly held that "42 U.S.C. [§] 1988 . . . does not entitle a non-lawyer, pro se litigant to attorney's fees."[31]  And, because RLUIPA does not contain a separate fee-shifting provision, this holding applies to *pro se* litigants bringing claims under RLUIPA, one of the civil rights provisions specifically referenced in Section 1988(b).[32] Thus, any assertion that Foster would be entitled to recover attorney's fees if he prevailed in the instant *pro se* civil rights action is meritless.

### B.    Punitive Damages

Defendants next argue that Foster's complaint fails to allege conduct demonstrating "evil motive" or "callous indifference" to Foster's constitutional rights such that punitive damages could be warranted.[33]  According to Defendants, Foster "merely asserts that some of his requests were denied by Defendants, but he does not allege any facts suggesting that his requests were denied maliciously or with evil motive."[34]  Foster seems to misunderstand Defendants' argument, focusing on his ability to recover compensatory damages for the alleged constitutional violations themselves (as opposed to just damages related to his physical and mental injuries).[35]

---

[30]  679 F.2d 311 (3d Cir. 1982).
[31]  *Id.* at 313.
[32]  *See* 42 U.S.C. § 1988(b).
[33]  Doc. 19 at 7-8.
[34]  *Id.* at 8-9.
[35]  *See* Doc. 23 at 3-4.

The Court finds that, at this stage in the litigation, Foster's complaint is sufficient to state "reckless or callous indifference" to Foster's "federally protected rights"[36] such that his claim for punitive damages survives Defendants' motion to dismiss.  Foster alleges that he repeatedly provided Defendants with requests for religious accommodation that included "applicable statutory law" and "case law" and that recommended adoption of a structure similar to that utilized by the Federal Bureau of Prisons (BOP) and outlined in the BOP's program statements and technical reference manuals.[37]  He further alleges that he repeatedly informed Defendants in his communications with them that their actions "were contrary to state and federal law."[38]

These allegations, taken as true, are sufficient to state that Defendants' denials of Foster's requests for religious accommodation were made with reckless or callous indifference to his federally protected rights.  Thus, Defendants' motion to dismiss Foster's claims for punitive damages will be denied.

## C.    Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment

---

[36]  *Alexander v. Riga*, 208 F.3d 419, 430-31 (3d Cir. 2000) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).
[37]  *See* Doc. 1 at 4 ¶ 10.
[38]  *Id.*

would be inequitable or futile."[39]  Here, there is no basis for amendment.  Foster

concedes that the substantive claims challenged by Defendants require dismissal.

Moreover, as to the peripheral pleading challenges regarding the availability of

attorney's fees and punitive damages, those issues have been conclusively resolved

herein.  Therefore, this case will proceed on the following unchallenged claims:

RLUIPA, First Amendment retaliation, First Amendment free exercise, and

Fourteenth Amendment equal protection.  Foster may pursue his claims for

compensatory and punitive damages.[40]

## IV.   CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part

Defendants' motion for partial dismissal under Federal Rule of Civil Procedure

12(b)(6).  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[39]   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

[40]   *See Sutton*, 323 F.3d at 249 (permitting damages claims to proceed even though claims for injunctive and declaratory relief were dismissed as moot).