IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HENRY FOSTER, III, | No. 4:22-CV-00199 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GEORGE NYE, *et al.*, | |
| Defendants. | |

# MEMORANDUM OPINION

### OCTOBER 13, 2023

Plaintiff William Henry Foster, III, is currently incarcerated at the United States Penitentiary ADMAX in Florence, Colorado. Foster filed the instant *pro se* Section 1983[1] action claiming constitutional violations that allegedly occurred during his four-month imprisonment at Columbia County Prison. Presently pending is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Foster fails to carry his summary judgment burden on his remaining statutory and constitutional claims, the Court must grant Defendants' Rule 56 motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.      **FACTUAL BACKGROUND**[2]

Foster, who is a federal inmate, was housed at Columbia County Prison (CCP) from May 17, 2021, to September 14, 2021, pursuant to an agreement with the United States Marshals Service.[3] Foster alleges that, during his four-month incarceration at CCP, he was subjected to unlawful treatment regarding his ability to freely practice his religion—Ásatrú (or "Odinism").[4]

Foster filed a complaint in this Court in February 2022.[5] He appeared to assert the following claims: (1) violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)[6]; (2) violation of the Religious Freedom Restoration Act of 1993 (RFRA)[7]; (3) retaliation under the First Amendment; (4) violation of the First Amendment's free-exercise clause; (5) an equal protection claim pursuant to the Fourteenth Amendment; (6) a due process

---

[2] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendants filed their statement of material facts, (Doc. 38), but Foster failed to respond to that statement. Accordingly, the Court will deem admitted the facts in Defendants' Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.
[3] *See* Doc. 38 ¶¶ 4-5.
[4] *See* Doc. 26 at 1-3.
[5] Doc. 1.
[6] 42 U.S.C. § 2000cc *et seq.*
[7] 42 U.S.C. § 2000bb *et seq.*

claim under the Fourteenth Amendment; (7) civil conspiracy under 42 U.S.C. § 1985(3); and (8) a claim under 42 U.S.C. § 1988 for attorney's fees.[8]

Defendants filed a partial motion to dismiss,[9] which was largely granted.[10] The Court dismissed with prejudice Foster's RFRA, Fourteenth Amendment Due Process, Section 1985(3), and Section 1988 claims.[11] Foster's claims for injunctive relief were dismissed as moot, as he was no longer incarcerated at CCP.[12]

Defendants now move for summary judgment on the remaining claims.[13] Foster has failed to respond to Defendants' Rule 56 motion in any way. The deadline for a response has long since passed,[14] so Defendants' unopposed motion for summary judgment is ripe for disposition.

## II. STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[15] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any

---

[8] *See* Doc. 1 at 1. It is possible that Foster's complaint could be construed as asserting a claim under the Pennsylvania Constitution, *see id.*, but Foster has clarified that he is not raising a state constitutional claim. *See* Doc. 23 at 1.
[9] Doc. 18.
[10] *See generally* Docs. 26, 27.
[11] Doc. 27 ¶ 1(a).
[12] *Id.* ¶ 1(b).
[13] Doc. 36.
[14] Foster sought and was granted an extension of time to respond to Defendants' Rule 56 motion. *See* Docs. 41, 42. That extended deadline (August 14, 2023) has come and gone without any further response from Foster.
[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

material fact and the movant is entitled to judgment as a matter of law."[16]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[17]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[18]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[19]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[20]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[21]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[22]

---

[16] FED. R. CIV. P. 56(a).
[17] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[19] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[20] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[21] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[22] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

### III.  DISCUSSION

Defendants contend that Foster is unable to meet his Rule 56 burden because he cannot adduce any competent evidence to establish a genuine issue of material fact as to his statutory or constitutional claims. They also assert that Foster failed to exhaust his administrative remedies. The Court need not reach the merits of any remaining claim for two reasons.

### A.  Failure to Oppose Rule 56 Motion

First, Foster has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way. Foster has not identified any record evidence that would rebut Defendants' contention (and supporting evidence) that his claims fail on the merits. Foster has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor. In fact, Foster has not even filed a response to Defendants' Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[23]

At summary judgment, "the non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial.

---

[23]  *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

Bare assertions, conclusory allegations, or suspicions will not suffice."[24] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[25] No materials have been provided or cited by Foster in opposition to Defendants' Rule 56 motion.

Thus, because Foster has failed to establish that there is a genuine issue for trial, the Court is constrained to grant Defendants' motion for summary judgment as to all remaining claims.

### B. Administrative Exhaustion

A second reason that summary judgment must be granted in Defendants' favor is that, upon consideration of the record, there is no evidence that Foster properly exhausted his administrative remedies.

The Prison Litigation Reform Act of 1995 (PLRA)[26] requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.[27] Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.[28] The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate

---

[24] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).
[25] FED. R. CIV. P. 56(c)(3).
[26] 42 U.S.C. § 1997e *et seq*.
[27] *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).
[28] *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

is incarcerated.[29]

Columbia County Prison has promulgated a written grievance policy, which is included in the inmate handbook provided to every inmate who is incarcerated at CCP.[30] That policy applies to every inmate complaint or grievance related to incarceration at the facility.[31]

The grievance process at CCP is as follows. Inmates are first encouraged to attempt to informally resolve the issue by using a request-to-staff form or by speaking directly with a staff member or sergeant.[32] If informal attempts to resolve the issue are unsuccessful, the inmate may submit a formal grievance.[33] To file a formal grievance, the prisoner must submit an "Inmate Grievance Form #1" with the Deputy Warden's Office.[34] This form is included with the inmate handbook and additional copies are available upon request.[35] Proper compliance with this first step requires that prisoners use the appropriate form, fill that form out completely, and sign it.[36]

Upon receipt of a formal grievance, the Deputy Warden will either investigate and decide the grievance or will delegate the investigation and

---

[29] *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 90-91.
[30] Doc. 38 ¶ 49.
[31] *Id.* ¶ 50.
[32] *Id.* ¶ 52.
[33] *Id.* ¶ 54.
[34] *Id.* ¶ 55.
[35] *Id.* ¶ 56.
[36] *Id.* ¶ 60.

disposition of the grievance to a subordinate officer.[37]  An inmate may appeal an adverse decision by submitting a "Grievance Final Appeal Response Form #2" directly to the Warden.[38]  This appeal form is also included in the inmate handbook that is provided to every CCP inmate.[39]

It is undisputed that Foster was provided a copy of the inmate handbook upon arrival to CCP.[40]  It is likewise undisputed that Foster did not submit any grievance, whether informally or formally, regarding the practice of his religious beliefs, constitutional deprivations, retaliation, or any other issue involved in the instant litigation.[41]  In fact, Foster never submitted *any* grievance pursuant to CCP's grievance policy during his four-month incarceration there.[42]  Thus, he failed to exhaust his administrative remedies and procedurally defaulted on the instant claims.  With no excuse for his procedural default, he is barred from seeking relief in federal court on these claims.[43]

---

[37] *Id.* ¶ 57.
[38] *Id.* ¶ 59.
[39] *Id.* ¶ 61.
[40] *Id.* ¶ 62.
[41] *Id.* ¶¶ 63-64.
[42] *Id.* ¶ 65.
[43] *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304-95 (3d Cir. 2020); 42 U.S.C. § 1997e(a).

## IV. CONCLUSION

Based on the foregoing, the Court must grant Defendants' unopposed motion (Doc. 36) for summary judgment. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge